**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
OFF-WHITE LLC,

                       Plaintiff,

    -against-                                      20 **CIVIL** 7892 (LTS)

                                                           **DEFAULT JUDGMENT**

ANOGAR-32 et al.,

                       Defendants.
------------------------------------------------------------X

       It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Memorandum Opinion and Order dated March 22, 2022, Plaintiff's motion for default judgment is granted in part and denied in part. Plaintiff's request for a permanent injunction is granted to the following extent: Defaulting Defendants, their respective officers, agents, servants, employees, successors and assigns and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether they are located in the United States or abroad), who receive actual notice of the Order are permanently enjoined and restrained from:

       A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Infringing Products or any other products bearing one or more of the Off-White Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Off-White Marks;

       B. directly or indirectly infringing in any manner any of Plaintiff's Off-White Marks;

       C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Off-White Marks to identify any goods or services not authorized by Plaintiff;

       D. using any of Plaintiff's Off-White Marks or any other marks that are confusingly similar to the Off-White Marks on or in connection with Defaulting Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Infringing Products;

   E. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities and Plaintiff;

   F. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Infringing Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defaulting Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Infringing Products;

   G. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Infringing Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

   H. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(A) through 1(G) above.

Defaulting Defendants must deliver up for destruction to Plaintiff any and all Infringing Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe Plaintiff's trademarks, copyrights or other rights in the Off-White Marks, or bear any marks or artwork that are confusingly or substantially similar to the Off-White Marks pursuant to 15 U.S.C. section 1118.  Plaintiffs request for statutory damages is granted in the amount of $75,000.00 against each of defendants: aryyud0, bcse_phone_accessories, bintanraharj_0, bortolo_domingo, budiawasali_0, chuangshou-store, danyang6, dengxiaobin1857, dimaprayog_83, evita.eskela, fangge06302, funthink, giftsfromporto, henryluckmorgan, huojin4, itapar_51, jaset-3745, keanu._1, laujohn_16, liza.marchetti, pr-marketing9305, rusan7376, sg8450048-3, spencer1870, sumak-75, tommy95118, vacah_96, xelz88436, xinchengxiongdi0727, yauner88, zcla63802 and zhangyong1991, and denied as to the other remaining defendants. Post-judgment interest shall accrue at the legal rate from the date of the judgment pursuant to 28 U.S.C section 1961.

Plaintiff's request for an order restricting and transferring Defaulting Defendants' assets held by third parties is denied without prejudice to use of asset restraint and judgment execution measures in compliance with applicable state procedures. Plaintiff is relieved from the 30-day stay pursuant to Federal Rule of Civil Procedure 62(a). Any failure by Defaulting Defendants to comply with the terms of the Memorandum Opinion and Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property. This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Memorandum Opinion and Order; accordingly, the case is closed.

**Dated:**  New York, New York

      March 22, 2022

**RUBY J. KRAJICK**
**Clerk of Court**

**BY:**  *K. Mango*
**Deputy Clerk**